IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELLUS H. BAKER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-CV-2168-KHV-JPO |
| VIA CHRISTI REGIONAL ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PROTECTIVE ORDER

On this _____ day of _____, 2006, this matter comes before the Court by agreement of the parties for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff appears pro se. Defendant appears by and through its counsel of record, Boyd A. Byers of Foulston Siefkin LLP.

This Protective Order is being entered for good cause shown. Plaintiff alleges that defendant discriminated against him on the basis of his race. Defendant denies the allegations. Certain documents, information, items, and materials that may be disclosed in this case may be of a confidential or proprietary nature. In particular, some of the documents, information, items, or materials that may be disclosed in this case may contain or consist of personal information, confidential or proprietary business or financial records, or confidential employment and personnel information regarding current or former employees of defendant. To prevent confidential documents produced in this case from being disclosed beyond the bounds permitted in this order, all parties agree that there should be limited disclosure of such documents and information.

1

It is therefore ordered that all documents and information produced in this case by the parties shall be subject to the following terms and conditions:

1. This Protective Order shall govern all personal information, confidential or proprietary business or financial records, and/or confidential employment and personnel information regarding current or former employees of defendant, and other documents produced by the parties and designated by the producing party as confidential and subject to this Order. The parties shall designate material as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

Confidential-Subject to Protective Order in Case **No. 06-CV-2168 (D. Kan.)**

2. This Protective Order shall apply to and govern all documents and information designated by the parties as confidential, as set forth in paragraph 1 above, whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. The parties may designate their responses to other discovery requests and deposition testimony as confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of the completion of the deposition, notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of this Order.

3. In the event that any confidential material is included with, or the contents thereof are in any way disclosed in, **any** pleading, motion, deposition transcript, or other paper filed with the

Clerk of the Court, such confidential materials shall be filed under seal in an envelope marked as **"Confidential."** Although entire transcripts containing confidential testimony shall be marked as "Confidential", only such testimony as has been designated as 'confidential shall be subject to the protections of this Order. No documents or information designated as confidential shall be filed with this Court without the appropriate safeguards. The party seeking to file confidential matter must first file a motion with the Court and be granted leave to file the particular document under seal.

4. No portion of the documents marked confidential and filed with this Court shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party(s) to whom said documents belong.

5. Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order shall be revealed only to: (a) parties in this action (including officers and employees of any party), (b) counsel of record (including law firm employees) for the parties in this action, (c) their experts or consultants, (d) non-party witnesses in the case, (e) the Court and Court personnel for any purpose the Court finds necessary, and (f) jurors and Court personnel at trial of plaintiffs action against Via Christi Regional Medical Center, as necessary for trial purposes.

6. With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 5, no person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed an affidavit in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. No person entitled to access to protected documents

or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect, or examine the materials protected herein.

**7.** The documents and information produced to any party or others pursuant to the terms of this Order shall be used for the sole and limited purpose of preparation for and trial and appeal of the above-entitled action and shall not be used for any other purpose.

**8.** At the conclusion of the litigation, all documents and materials produced to plaintiff, defendant, or others pursuant to the terms of this Order, and all copies, summaries, and abstracts of such materials, however maintained, shall be returned to counsel of record for the party to whom said documents belong. In the alternative, if said documents are deemed the work product of counsel for the party to whom said documents were produced (i.e., because they contain notes or annotations made or affixed following the production of said documents), then counsel for the party to whom said documents were produced may destroy said documents, in lieu of returning them, and shall send a letter to counsel for the party to whom said documents belong explaining that the documents were destroyed.

9. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. This Court shall retain jurisdiction over persons provided access to confidential materials or information for enforcement of the provisions of this Order following the final disposition of this case. Nothing in this Order shall prevent a party from seeking leave of the Court to reopen the case to enforce the provisions of this Order.

10. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provisions of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or information belongs of its challenge. Within fifteen (15) days of the receipt of such written notice, the party to which the challenged document belongs will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. Thereafter, the challenging party may move the Court for an order removing the protections established by this Order. The burden of establishing confidentiality, once challenged by the above procedure, is upon the party producing the document. All documents, testimony, or other materials designated by the party as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including such appeal(s).

11. Violation by any person of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

Dated: December 8, 2006

_____
The Honorable James P. O'Hara
United States Magistrate Judge

Marcellus H. Baker, Sr.
1327 S. St. Francis St.
Wichita, KS 67211

By _____
Marcellus H. Baker, Sr.,
    *Plaintiff pro se*


FOULSTON SIEFKM LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Telephone: 316-267-6371
Facsimile: 316-267-6345

By _____
Boyd A. Byers    # 16253
    *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELLUS H. BAKER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-2168-KHV-JPO |
| ) | |
| VIA CHRISTI REGIONAL ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## AFFIDAVIT

STATE OF _____ )
                                ) ss:
COUNTY OF _____ )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Affiant's full name and current address is: _____
_____.

2. Prior to receiving any documents and information designated as confidential by the parties in the above-captioned action, I was provided with a copy of this Protective Order, which I have read and fully understand. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the above-named Court concerning the enforcement of the Order.

3. I received the confidential information in my capacity as (witness, expert, other) _____.

7

4. I received access to this confidential information from _____

_____.

FURTHER AFFIANT SAITH NOT.

Dated this \_\_\_\_\_ day of _____,200\_\_.

_____

SUBSCRIBED AND SWORN TO before me this \_\_\_\_\_ day of _____,200\_\_.

_____
Notary Public

My Appointment Expires: