## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARCELLUS H. BAKER, SR.                    )
                                           )
                          Plaintiff,       )
                                           )      **CIVIL ACTION**
v.                                         )
                                           )      **No. 06-2168-KHV**
VIA CHRISTI REGIONAL                       )
MEDICAL CENTER,                            )
                                           )
                          Defendant.       )
_____)

## MEMORANDUM AND ORDER

On December 8, 2006, Magistrate Judge James P. O'Hara denied the motion of pro se plaintiff

Marcellus Baker, Sr. for Judge O'Hara to withdraw or recuse in this case.  See Doc. #55. On

December 21, 2006, plaintiff filed a Motion To Appeal (Doc. #59) which the Court construes as a

motion for review of Judge O'Hara's order denying plaintiff's motion to withdraw or recuse.  For

reasons set forth below, the Court finds that plaintiff's motion should be overruled.

### Standard For Review Of Magistrate's Order

Under 28 U.S.C. § 636(b)(1)(A), the district court's scope of review of a magistrate's decision

is whether the order has been shown to be "clearly erroneous or contrary to law." Ocelot Oil Corp. v.

Sparrow Indus., 847 F.2d 1458, 1461-62 (10th Cir. 1988).  The clearly erroneous standard requires that

the court affirm the decision of the magistrate unless "on the entire evidence [the court] is left with a

definite and firm conviction that a mistake has been committed."  Id.; see also Fed. R. Civ. P. 72(a); D.

Kan. Rules 72.1.1(c) & 72.1.4(a).

### Analysis

To prevail on a motion to recuse a judge under 28 U.S.C. § 144, a litigant must file a timely and

sufficient affidavit which establishes that the judge has a personal bias or prejudice.  <u>Green v. Branson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997).  Similarly, to obtain disqualification under 28 U.S.C. § 455, a movant must show that "a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality."  <u>Id.</u>

In ruling on plaintiff's motion, Magistrate O'Hara correctly cited the legal standards set out above.  He then stated as follows:

> [P]laintiff contends that during a telephone conference with plaintiff, and defendant's counsel, Boyd A. Byers, the undersigned stated that he had dealt with Mr. Byers in the past, and that the undersigned would vouch for him. Plaintiff contends that the undersigned, therefore, has a conflict of interest.

> The fact of the matter is that during the conference, a discussion ensued regarding a location for the taking of plaintiff's deposition.  The undersigned suggested the offices of defendant's counsel and, in an attempt to reassure plaintiff, explained that he had had prior dealings with defendant's counsel and was confident that counsel would act professionally.

> The Supreme Court has explained that the court should recuse itself only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible." [<u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)]; <u>accord</u> <u>United States v. Pearson</u>, 208 F.3d 1243, 1277 (10th Cir. 2000); <u>United States v. Deters</u>, 184 F.3d 1253, 1256 (10th Cir. 1999).

> No reasonable person would believe that the undersigned has displayed the level of "deep-seated favoritism or antagonism" that would make recusal proper in this case.  The undersigned judge's association with Mr. Byers has been purely on a professional basis. The undersigned has not displayed antagonism for the plaintiff at all, let alone deep-seated antagonism.  Nor is the undersigned predisposed to favor the defendant. Thus, the undersigned has a duty to sit and hear this case because there is no legitimate reason for recusal.  <u>See</u>, <u>e.g.</u>, [<u>In re Haas</u>, 292 B.R. 167, 180 (Bankr. S.D. Ohio 2003)] (holding a combination of adverse rulings, comments concerning possible weaknesses of a party's case, and criticism stemming from failure to comply with local rules did not establish deep-seated favoritism or antagonism).

<u>Order</u> (Doc. #55) at 2-3 (footnote citations inserted into text).

Plaintiff does not identify any basis for disqualification of Judge O'Hara.  Rather, he makes a

conclusory allegation of "mistreatment, and conflict of interest," and asserts that Judge O'Hara has denied "almost every motion [he has] filed." Plaintiff's arguments to disqualify Judge O'Hara are wholly insufficient to meet the legal standards set out above. Plaintiff makes no showing that Judge O'Hara is biased or prejudiced, and shows no reasonable basis to doubt Judge O'Hara's impartiality.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Appeal (Doc. #59), which the Court construes as a motion for review of Judge O'Hara's order denying plaintiff's motion to withdraw or recuse, be and hereby is **OVERRULED**.

Dated this 22nd day of February, 2007, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge