# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **MARCELLUS H. BAKER, SR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 06-2168-KHV** |
| **VIA CHRISTI REGIONAL** ) | |
| **MEDICAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Marcellus H. Baker, Sr. brings suit *pro se* against Via Christi Regional Medical Center ("Via Christi"), alleging sex and race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. The matter is before the Court on Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #69) filed February 26, 2007. For reasons stated below, the Court finds that defendant's motion should be sustained.

## Legal Standards

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] See Bauer v. City of De Soto, Kan., No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004); Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC, 2000 WL

---

[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

970670, at *1 (D. Kan. June 16, 2000) (citing <u>Aramburu v. Boeing Co.</u>, 896 F. Supp. 1063, 1064 (D. Kan. 1995); <u>Curtis 1000, Inc. v. Pierce</u>, No. 94-4086-RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994).

In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." <u>Hartwick</u>, 2000 WL 970670, at *1 (citing <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1515-16 (10th Cir. 1991)). Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed. <u>Id.</u> (citing <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir. 1992) (quotations and citations omitted)). Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. <u>Bauer</u>, 2004 WL 2580790, at *1. The moving party bears the burden of proving that the existing forum is inconvenient. <u>Id.</u>

**Analysis**

On May 1, 2006, plaintiff filed this case in Wichita but designated Kansas City as the place of trial. Via Christi argues that the Court should transfer the trial to Wichita because the case is factually centered in Wichita and the majority of witnesses, including plaintiff, reside there. Plaintiff has not opposed defendant's motion to determine Wichita as the place of trial. Under D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(e), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." The Court finds that defendant's motion to transfer the trial to Wichita should be sustained as unopposed. On the merits, the Court reaches the same result for reasons set forth below.

2

**I.      Plaintiff's Choice Of Forum**

Via Christi argues that the balance of the factors overrides plaintiff's choice of forum. Specifically, Via Christi notes that plaintiff does not reside in Kansas City. Plaintiff's choice of forum is entitled to great deference. Scheidt, 956 F.2d at 965. Where plaintiff's choice of forum is not his residence, however, that consideration is given much less weight. Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996)).

**II.     Convenience And Accessibility Of The Witnesses**

Via Christi asserts that most witnesses and sources of proof are located in Wichita, and thus Wichita would be a more convenient forum. Via Christi also asserts that witnesses and documents will be less accessible if trial is held in Kansas City. Via Christi points out that witnesses will have to travel three hours each way to testify and some will have to spend the night in Kansas City if their testimony does not begin or is not completed at the close of the day. Further, witnesses will unquestionably miss more work time if trial is held in Kansas City. The Court finds that the convenience of witnesses and the accessibility of witnesses and proof weighs in favor of trial in Wichita.

**III.    Fair Trial**

Via Christi argues that a fair trial can be had in Wichita. Via Christi points out that courts in this district have ruled that a plaintiff who brings an employment action against a Wichita-based employer can get a fair trial in Wichita, and that such concerns can be addressed during voir dire of prospective jurors. See Aramburu, 896 F. Supp. at 1065. This factor does not clearly weigh in favor of any party or location.

**IV.     Other Considerations**

Via Christi argues that all other considerations weigh in favor of a trial in Wichita.  It argues that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and Court time.  It also points out that defense counsel is located in Wichita.  Convenience of counsel, however, is given little if any weight.  See Studdard v. Connaught Labs., Inc., 793 F. Supp. 291, 292 (D. Kan. 1992); see, e.g., Aramburu, 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka not sufficient to support trying case in Topeka when witnesses and evidence located in Wichita).  The Court also notes that the undersigned judge and staff are located in Kansas City; thus the convenience of the Court weighs in favor of a trial in Kansas City.  On the whole, the Court finds that the "other considerations" do not strongly tip the balance either way.

Considering all factors, the Court finds that Via Christie has set forth a strong case for transfer. See, e.g., Hartwick, 2000 WL 970670, at *1 (where all of witnesses, documents, parties, and counsel [with the exception of plaintiffs counsel] are in or near Salina or Wichita, balance of relevant factors favors trial in Wichita and overrides plaintiff's preference for Topeka trial); Wallace v. Beech Aircraft Corp., No. 96-4128-SAC, 1997 WL 723436, at *6 (D. Kan. Oct. 22, 1997) (where final witness list shows vast majority of witnesses are from Wichita, balance of relevant factors favors trial in Wichita and overrides any presumptive weight given to plaintiff's choice of Topeka as place of trial); Aramburu, 869 F. Supp. at 1064-65 (where majority of witnesses from Wichita area, Wichita appropriate place for trial, notwithstanding plaintiff's choice of Topeka); Boyer v. Bd. of County Comm'rs, No. 94-4078-SAC, 1994 WL 106346, at *2 (D. Kan. Jan. 19, 1995) (where vast majority of witnesses reside in Kansas City, and Kansas City is more convenient for most witnesses, defendants and defendant's counsel, balance favors Kansas City as place of trial and overrides plaintiff's choice of trial in Topeka).

4

The Court concludes that the balance of factors strongly outweighs plaintiff's choice of forum.  The Court therefore finds that defendant's motion should be sustained.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #69) filed February 26, 2007 be and hereby is **SUSTAINED.**

Dated this 23rd day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge