IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELLUS H. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2168-KHV |
| ) | |
| VIA CHRISTI REGIONAL ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Marcellus H. Baker filed suit against his former employer, Via Christi Regional Medical Center, for race discrimination, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. On June 13, 2007, the Court sustained defendant's motion for summary judgment. This matter is before the Court on plaintiff's Motion To Reconsider (Doc. #82) filed June 21, 2007 and Motion To Appoint Counsel (Doc. #84) filed July 5, 2007. For reasons stated below, the Court finds that the motions should be overruled.

**I.    Motion To Reconsider**

A motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., is essentially a motion for reconsideration. Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 532 (D. Kan. 1995). The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff does not argue the first ground for reconsideration – an intervening change in

controlling law.  Further, he presents no new evidence which is relevant to the issues in the case. Plaintiff simply argues that he wants to present his case to a jury.  Plaintiff has pointed to no facts to support his argument that the Court must reverse its decision to grant summary judgment in order to avoid manifest injustice.  The Court therefore denies plaintiff's motion to reconsider.

## II.     Motion To Appoint Counsel

Plaintiff asks the Court to appoint counsel to represent him on appeal.[1]  The decision whether to appoint counsel in a civil matter lies within the discretion of the court.  Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  In determining whether to appoint counsel under 28 U.S.C. § 1915(e)(1), the Court considers the merit of the litigant's claims, the nature of the factual issues, the litigant's ability to present his claims and complexity of the claims.  Id.  The Court finds that plaintiff's claims do not present difficult or complex factual issues and that he has not demonstrated circumstances which would justify appointment of counsel.  For these reasons, the Court declines to appoint counsel for plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reconsider (Doc. #82) filed June 21, 2007 and Motion To Appoint Counsel (Doc. #84) filed July 5, 2007 be and hereby are **OVERRULED.**

Dated this 23rd day of July, 2007 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] On May 2, 2006, Magistrate Judge James P. O'Hara denied plaintiff's earlier motion for appointment of counsel.  Judge O'Hara found that plaintiff had not demonstrated a reasonably diligent effort to obtain counsel.  See Doc. #6.